IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

THIRD DEGREE FILMS, INC.,

      Plaintiff,

v.

DOES 1-259,

      Defendants.

_____/

CONSOLIDATED
CASE NO.  4:11cv570-RH/WCS

THIRD DEGREE FILMS, INC.,

      Plaintiff,

v.                              CASE NO.  4:11cv572-RH/WCS

DOES 1-375,

      Defendants.

_____/

DIGITAL SIN, INC.,

      Plaintiff,

v.                              CASE NO.  4:11cv583-RH/WCS

DOES 1-208,

      Defendants.

_____/

DIGITAL SIN, INC.,

    Plaintiff,

v.                                        CASE NO.  4:11cv584-RH/WCS

DOES 1-145,

    Defendants.

_____/

DIGITAL SIN, INC.,

    Plaintiff,

v.                                        CASE NO.  4:11cv586-RH/WCS

DOES 1-167,

    Defendants.

_____/

NEXT PHASE DISTRIBUTION, INC.,

    Plaintiff,

v.                                        CASE NO.  4:12cv6-RH/WCS

DOES 1-126,

    Defendants.

_____/

Consolidated Case No.  4:11cv570-RH/WCS

PATRICK COLLINS, INC.,

      Plaintiff,

v.                                  CASE NO.  4:12cv7-RH/WCS

DOES 1-85,

      Defendants.

_____/

ZERO TOLERANCE ENTERTAINMENT, INC.,

      Plaintiff,

v.                                  CASE NO.  4:12cv8-RH/WCS

DOES 1-52,

      Defendants.

_____/

MEDIA PRODUCTS, INC.,

      Plaintiff,

v.                                  CASE NO.  4:12cv24-RH/WCS

DOES 1-34,

      Defendants.

_____/

Consolidated Case No.  4:11cv570-RH/WCS

SBO PICTURES, INC.,

        Plaintiff,

v.                                      CASE NO.  4:12cv25/RH/WCS

DOES 1-92,

        Defendants.

_____/

SBO PICTURES, INC.,

        Plaintiff,

v.                                      CASE NO.  4:12cv26-RH/WCS

DOES 1-97,

        Defendants.

_____/

METRO INTERACTIVE, LLC,

        Plaintiff,

v.                                      CASE NO.  4:12cv43-RH/WCS

DOES 1-56,

        Defendants.

_____/

Consolidated Case No.  4:11cv570-RH/WCS

EVASIVE ANGLES ENTERTAINMENT,

      Plaintiff,

v.                                                                  CASE NO.  1:11cv241-RH/GRJ

DOES 1-97,

      Defendants.

_____/

ELEGANT ANGEL, INC.,

      Plaintiff,

v.                                                                  CASE NO.  1:11cv243-RH/GRJ

DOES 1-87,

      Defendants.

_____/

ELEGANT ANGEL, INC.,

      Plaintiff,

v.                                                                  CASE NO.:  1:11cv245-RH/GRJ

DOES 1-115,

      Defendants.

_____/

Consolidated Case No.  4:11cv570-RH/WCS

ELEGANT ANGEL, INC.,

      Plaintiff,

v.                                      CASE NO. 1:11cv246-RH/GRJ

DOES 1-85,

      Defendants.

_____/

ELEGANT ANGEL, INC.,

      Plaintiff,

v.                                      CASE NO. 1:11cv247-RH/GRJ

DOES 1-77,

      Defendants.

_____/

MEDIA PRODUCTS, INC.,

      Plaintiff,

v.                                      CASE NO. 1:11cv248-RH/GRJ

DOES 1-175,

      Defendants.

_____/

DIGITAL SIN, INC.,

    Plaintiff,

v.                                             CASE NO. 1:11cv280-RH/GRJ

DOES 1-150,

    Defendants.

_____/

DIGITAL SIN, INC.,

    Plaintiff,

v.                                             CASE NO. 1:11cv281-RH/GRJ

DOES 1-131,

    Defendants.

_____/

EXQUISITE MULTIMEDIA, INC.,

    Plaintiff,

v.                                             CASE NO. 1:12cv2-RH/GRJ

DOES 1-178,

    Defendants.

_____/

Consolidated Case No.  4:11cv570-RH/WCS

MEDIA PRODUCTS, INC.,

    Plaintiff,

v.                                             CASE NO.  1:12cv3-RH/GRJ

DOES 1-43,

    Defendants.

_____/

NEXT PHASE DISTRIBUTION, INC.,

    Plaintiff,

v.                                             CASE NO.  1:12cv4-RH/GRJ

DOES 1-93,

    Defendants.

_____/

PATRICK COLLINS, INC.,

    Plaintiff,

v.                                             CASE NO.  1:12cv18-RH/GRJ

DOES 1-159,

    Defendants.

_____/

THIRD DEGREE FILMS, INC.,

        Plaintiff,

v().                                      CASE NO.  1:12cv19-RH/GRJ

DOES 1-195,

        Defendants.

_____/

MEDIA PRODUCTS, INC.,

        Plaintiff,

v.                                      CASE NO.  1:12cv20-RH/GRJ

DOES 1-168,

        Defendants.

_____/

SBO PICTURES, INC.,

        Plaintiff,

v.                                      CASE NO.  1:12cv21-RH/GRJ

DOES 1-98,

        Defendants.

_____/

Consolidated Case No.  4:11cv570-RH/WCS

# ORDER CONSOLIDATING THE CASES FOR CASE-MANAGEMENT PURPOSES ONLY, REQUIRING THE PLAINTIFFS' ATTORNEY TO SHOW CAUSE WHY THE CASES SHOULD NOT BE DISMISSED, AND STAYING ALL OTHER PROCEEDINGS

These 27 cases involve related issues. This order consolidates the cases for case-management purposes only. The order stays the cases pending a ruling on the plaintiffs' attorney's authority to practice law in Florida. The issue came to the court's attention through a notice filed by three defendants in one of the cases. A copy of the notice is attached to this order.

This court's rules allow an attorney to become a member of the court's bar without being a member of the Florida Bar, so long as the attorney is a member in good standing of the bar of another state. The rule is intended to allow membership in our bar by an out-of-state attorney who is a member of the bar in the attorney's home state. An attorney who resides in Florida but who is not a member of the Florida Bar cannot properly appear in this court. This has been this court's consistent interpretation of the local rule, and it also is a corollary of the Florida state-law prohibition on the unauthorized practice of law in the state.

The notice alleges that the plaintiffs' attorney is proceeding in violation of these requirements. This order sets out a procedure for proper resolution of this issue.

IT IS ORDERED:

Consolidated Case No. 4:11cv570-RH/WCS

1. These cases are consolidated for case-management purposes only and will be maintained on a common docket under Consolidated Case No. 4:11cv570.

2. A paper—other than a complaint (or counterclaim or third-party complaint), answer, judgment, notice of appeal, or motion to amend or amended version of any of them—that is applicable to any case must be filed in the common docket and must not be filed separately in any other case. A paper—other than a complaint (or counterclaim or third-party complaint), answer, judgment, notice of appeal, or amended version of any of them—that is filed in the common docket will be deemed filed in every case.

3. Any of these must be filed only in the individual case to which it applies: a complaint, counterclaim, third-party complaint, answer, judgment, notice of appeal, or motion to amend or amended version of any of them.

4. All proceedings and all deadlines that have not passed are stayed pending a determination of whether these cases should be dismissed—or other appropriate action taken—based on the notice suggesting that the plaintiffs' attorney Terik Hashmi resides but is not licensed to practice law in Florida.

5. Mr. Hashmi must show cause by March 9, 2012, why these cases should not be dismissed on the ground that he has no authority to practice law in Florida or in this court.

6. Until this issue is resolved by a further order of this court, Mr. Hashmi must not attempt to settle any of these cases, must not accept any payment in settlement of any of these cases, and must not take any other action in any of these cases.  This paragraph of this order binds Mr. Hashmi and his officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of this order by personal service or otherwise.  This order does not, however, prevent Mr. Hashmi from attempting to arrange representation of a plaintiff by another attorney, so long as Mr. Hashmi does not demand or accept an unlawful fee for doing so.

SO ORDERED on February 16, 2012.

s/Robert L. Hinkle
United States District Judge